

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,603

**EX PARTE JOHNATHEN LEE HARRISON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR20133-B IN THE 35TH JUDICIAL DISTRICT COURT
### FROM BROWN COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a

habitation and sentenced to sixty years' imprisonment.

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance

because he failed to timely file a notice of appeal. Appellate counsel erroneously calculated the

deadline for filing notice of appeal from the date upon which the trial court entered a judgment *nunc*

*pro tunc*, rather than from the date upon which the sentence was originally imposed. Applicant's

direct appeal was dismissed for want of jurisdiction.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. CR20133-B from the 35th Judicial District Court of Brown County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: August 24, 2011
Do Not Publish